Garr *et al. v.* Haskett *et al.*

No. 10,302.

## GARR ET AL. *v.* HASKETT ET AL.

MARRIED WOMAN.—*Minor.*— *Necessaries.*— *Wedding Outfit.*— *Evidence.*—In an action against a man and his wife for the price of goods sold and delivered to her before marriage and during her minority, evidence that she was the owner of land upon which they lived, and that the goods were women's apparel, and included a wedding outfit, although conflicting with evidence that she was supplied by her guardian and earned wages by service, sustained a conclusion of the court that the goods were in part necessaries suitable to her condition in life, and authorized a finding against the defendants, and a judgment to be levied only of the real estate of the wife.

SAME.—*Question of Law and Fact.*—In such a case, whether the goods are necessaries is a question of law, and, if deemed necessaries, their quantity, quality and reasonable value are matters of fact.

From the Howard Circuit Court.

*N. B. Smith* and *C. N. Pollard,* for appellants.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellees.

BICKNELL, C. C.—The appellees brought this suit against the appellants, as husband and wife, upon an account for goods sold and delivered to the wife before her marriage. The complaint contained an averment that, by the marriage, the husband acquired a large amount of personal property, enough to pay the debt and costs, and that the wife owned real estate as her separate property.

The defendants answered jointly in three paragraphs, to wit:

1. A general denial. 2. That at the time the goods were bought the wife was a minor. 3. The statute of limitations of six years.

The wife answered separately in two paragraphs:

1. The general denial. 2. Minority.

The husband answered separately that, at the time of said purchase, his wife was a minor, and that he did not, by said marriage, acquire any property whatever.

The plaintiffs replied to the second paragraph of the wife's answer, and to the second and third paragraphs of the joint

answer, by a general denial; and for a second paragraph of reply to the second paragraph of said joint answer, and to the second paragraph of the wife's separate answer, and for a reply to the husband's separate answer, the plaintiffs said that they admitted the minority of the wife at the time of the sale and delivery of the goods, but that the goods were necessaries, essential to the comfort of the minor, and suitable to her condition in life. The issues were tried by the court, who found for the plaintiffs $113. The defendants' motion for a new trial was overruled, and judgment was rendered against the defendants for $113 and costs, to be levied only of the real estate of the wife. This was in accordance with the statute, 1 R. S. 1876, p. 550, sec. 3; R. S. 1881, sec. 5127.

The defendants appealed. The only error assigned is overruling the motion for a new trial, and the only reasons for a new trial, which are discussed in the appellants' brief, are that the finding is not sustained by the evidence, and is contrary to law. *Stockton* v. *Lockwood*, 82 Ind. 158.

The account was for $226.59; its items were chiefly women's apparel, and were bought from time to time during a period of about twenty months, commencing when the woman was eighteen years of age; they included a wedding outfit. The woman was married to her present husband within a week after the last purchase. She was the owner of land worth $1,200, upon which she and her husband are living. There was evidence tending to show that the goods were necessaries, suitable to her condition in life, and that, during the period embraced in the account, she made all her purchases from the plaintiffs. In such a case, whether the goods are necessaries is a question of law; and, if deemed necessaries, their quantity, quality and reasonable value are matters of fact. *Henderson* v. *Fox*, 5 Ind. 489.

The court held that $113 worth of the goods were necessaries. There was evidence tending to support the finding. The appellants claim that the evidence showed that the woman was furnished by her guardian with money and clothing, and

that these supplies, with her own earnings, viz.: $1·a week, which her brother, at whose house she lived, testified that "he aimed to pay her," rendered anything further unnecessary. There was some conflict upon this branch of the case, but there being evidence tending to sustain the conclusions of the court, the judgment can not be set aside. *Walker* v. *Beggs*, 82 Ind. 45. There was no error in overruling the motion for a new trial, and the judgment ought to be affirmed, with ten per cent. damages.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants, with ten per cent. damages.