RAUTENKRANZ, ADMINISTRATOR, *v.* PLUMMER ET AL.

[No. 10,782. Filed March 31, 1921.]

1. INSANE PERSONS.—*Guardianship.*—*Removal of Guardian.*—*Leave of Court to File Petition.*—*Right of Attorneys to Recover for Services.*—*Statute.*—In view of §3071 Burns 1914, §2524 R. S. 1881, providing that a guardian may be removed upon the written application of his ward, one for whom a guardian has been appointed after he had been adjudged incapable of managing his estate and business affairs by reason of old age and physical infirmities may petition for the removal of his guardian without first obtaining leave of court, and his attorneys may recover compensation for services rendered in such action, as for necessaries, if such services are faithfully and intelligently performed, a promise to pay being implied in such a proceeding. p. 272.

2. INSANE PERSONS.—*Guardianship.*—*Removal of Guardian.*—*Right of Ward's Attorneys to Recover for Services.*—Attorneys for an insane ward may recover for services rendered at his request in an action to remove a guardian, even though their efforts were unsuccessful and regardless of whether their services resulted in any actual benefit to the ward, honesty and good faith on their part being all that is required in order to authorize an allowance of compensation. p. 272.

3. WITNESSES. — *Competency.* — *Claimant Against Decedent's Estate.*—*Competency to Testify for Other Claimants.*—Where one under guardianship because of incapacity to manage his business affairs on account of infirmities due to old age employed the members of a law firm and several other attorneys to co-operate with each other in the prosecution of an action for the removal of the guardian, and the law firm and the other attorneys so employed filed separate claims against the ward's estate on his death for services rendered, and the several claims were consolidated for the purpose of trial, a member of the law firm could testify as to the value of the services of the attorneys employed to co-operate with such firm, and such attorneys could give like testimony in behalf of the firm, §§521, 522 Burns 1914, §§498, 499 R. S. 1881, not being applicable. p. 273.

From Wabash Circuit Court; *Alvah Taylor,* Special Judge.

Action by Alfred H. Plummer and others on claims against the estate of William Rautenkranz, deceased.

From a judgment for plaintiffs, the administrator of the estate, Fred Rautenkranz appeals.    *Affirmed.*

*D. F. Brooks,* for appellant.

*Warren G. Sayre, Herman Hipskind, Alfred H. Plummer, Walter G. Todd* and *Franklin W. Plummer,* for appellees.

McMahan, J.—The law firm composed of Alfred H. Plummer, Walter C. Todd and Franklin D. Plummer filed its claim against the estate of William Rautenkranz for professional services.    Herman Hipskind and Warren G. Sayre each filed their separate claim for like services.    By agreement the three claims were consolidated for the purpose of trial.    Appellant's demurrers to each of the three claims were overruled and a separate answer in three paragraphs was filed to each claim.

These answers were alike in form.    The first paragraph of each was a general denial.    The second admitted the claimants had each filed a petition in the guardianship of the decedent asking for the removal of the guardian.    The third alleged that the decedent at the time when the services were rendered, was under a guardianship; that the claimants did not procure an order from the court to represent the decedent; that they were not employed by the guardian and that the services for which compensation was asked were not for the best interest of the ward, but resulted in depreciating the value of the estate.

Demurrers were sustained to the second and third paragraphs of each answer, after which the cause was tried by the court.    The court found the facts specially, and they are in substance as follows:    December 1, 1915, George P. Miller, over the objection of the decedent, was appointed his guardian after he had been adjudged a person incapable of managing his estate and business affairs by reason of old age and physical in-

firmity. In June, 1916, decedent requested the services and employed each of the claimants, Plummer, Todd and Plummer, and Herman Hipskind and Warren G. Sayre, competent attorneys, to co-operate with each other, to institute and prosecute proceedings in the Wabash Circuit Court for the removal of said guardian; the employment of said claimants being separate. Claimants, as such attorneys, entered upon said several employments and filed a complaint for the removal of said guardian on account of his failure to properly perform his duties as guardian. At the time when decedent employed claimants he had sufficient mental capacity to select and make the employment and request for claimants' services therein. Such proceedings were thereafter had in such cause as that on May 10, 1917, a final decree was rendered against said guardian, removing him, from which decree said Miller appealed to this court. William Rautenkranz died October 15, 1917, pending the time in which said Miller must perfect his appeal and appellant was appointed administrator of his estate November 8, 1917. The services rendered by Plummer, Todd and Plummer for said decedent as above stated were to the value of $250. The services of Herman Hipskind were of the value of $125. The services rendered by Warren G. Sayre were to the value of $125, the said several amounts being due and unpaid.

Upon these facts the court stated its conclusions of law in favor of the claimants and each of them separately and respectively, and that they were entitled to recover from said estate the amount so found to be due each of them.

Appellant excepted to each conclusion of law. He also filed a motion for a new trial which was overruled, and judgment was rendered in accordance with the conclusions of law.

Appellant contends that the court erred in overruling his demurrer to each of the claims: (1) Because a person cannot make a binding contract while under a guardianship; (2) because each of them failed to show that the court in which the guardianship was pending authorized the work done.

Section 3071 Burns 1914, §2524 R. S. 1881, provides that a guardian may be removed upon the written application of his ward. It was not necessary that

1. the person under guardianship should obtain leave of the court to file a petition for the removal of his guardian. Attorneys may recover compensation for services rendered in such an action as for necessaries, if such services are faithfully and intelligently performed. *Lyon* v. *Minor* (1913), 174 Mich. 114, 140 N. W. 517, 45 L. R. A. (N. S.) 67, Ann. Cas. 1915A 726. When such services are rendered in a proceeding personal to a person under a guardianship, a promise to pay for them will be implied. 4 Cyc 993; *Carter* v. *Beckwith* (1891), 128 N. Y. 312, 28 N. E. 582.

There was no error in overruling the demurrer to the several claims. Neither was there any error in sustaining the demurrer to the second and third paragraphs of the answer.

Appellant next contends that the court erred in overruling his motion for a new trial.

Appellant says the amount of recovery is too large because there was no proof that the services rendered were of any benefit to the ward. The evidence,

2. however, shows that the attorneys were successful in their efforts to remove the guardian. We have a right to presume that it was for the benefit of the ward to have the guardian removed, otherwise, the court would not have removed him. But it is not necessary that the attorneys should have been successful or that their efforts resulted in any actual benefit to the

ward.  Honesty and good faith on their part is all that is required of them in order to authorize the court to allow them compensation.

*Carter* v. *Beckwith, supra,* is very similar to the case now under consideration.  It was there held, that although an attorney could not maintain an action on the ground of a contract with a person of unsound mind to pay for services arising out of an employment by him, the law would imply an obligation enforceable as a claim against the estate of such insane person, after his death, to pay for services rendered in an unsuccessful effort to set aside the inquisition, where the proceedings were fair, and not vexatious or groundless, and where the insane person died before the power of the court to settle the question of allowance had been invoked.

There was no error in permitting the claimant Todd to testify as to the value of the services of the claimants Sayre and Hipskind.  He was not interested in the allowance of their claims.  Sections 521, 522 Burns 1914, §§498, 499 R. S. 1881, are not applicable.  Neither was there any error in permitting Hipskind to testify as to the value of the services rendered by Plummer, Todd and Plummer.

No reversible error being shown, judgment is affirmed.