MITCHELL *v*. THE CAMPBELL AND FETTER BANK, ET AL.

[No. 19,966. Filed January 23, 1964.]

*Howard S. Grimm, Edgar A. Grimm,* and *Grimm & Grimm,* of Auburn, for appellant.

*Wyman Finley* and *Finley & Finley,* of Kendallville, for appellees.

KELLEY, J.—Appellees duly brought this action against appellant seeking to recover upon a conditional sales contract "for the purchase of an automobile". (Quotation from appellant's brief). Appellees' complaint was answered by appellant but the issues created thereby need no consideration as said complaint was dismissed by appellees. The pertinent issues were created by a counterclaim filed by appellant and appellees' answer thereto under the rules.

In substance, said counterclaim alleged that on July 7, 1959 appellant entered into a conditional sales contract with appellee, Publix Buick, Inc., for the purchase of a 1955 Oldsmobile automobile; that on the date said contract was executed, appellant was a minor of the age of nineteen (19) years; that pursuant to the terms of the agreement, appellant traded in a 1953 Ford and was allowed the sum of $450.00 therefor; that thereafter appellant paid appellee, under the terms of the contract, the sum of $550.00; that said Oldsmobile automobile was afterward repossessed by appellees and sold by them; that appellant disaffirmed said contract "under the privileges of his minority", so notified appellees, and

demanded the return of the value of said traded in Ford automobile and the return of said $550.00 paid by him under said contract; that appellees failed and refused to comply with said demand to the damage of appellant. Appellees answered the counterclaim under the rules.

The cause was submitted to the court for trial and, upon appellant's request, the court made special findings of fact and stated conclusions of law thereon, adverse to appellant. On August 28, 1962 judgment was entered that appellant take nothing on his counterclaim and that he pay the costs. Thereafter, on September 25, 1962, appellant filed a motion to "Strike and Reject Recital of facts Specially found which are not within the issues and which are surplusage and irrelevant to a determination of the issues." This motion was overruled and appellant then filed his motion for a new trial specifying error in the overruling of the motion to strike, error in each of the conclusions of law, and that the decision of the court is not sustained by sufficient evidence and that the same is contrary to law.

Appellant does not bring up a bill of exceptions containing the evidence but relies upon his contention that, accepting the findings as true and correct and sustained by the evidence, said findings do not support the conclusions of law stated by the court.

The special findings made by the court, as they appear in appellant's brief, are as follows:

"1. On July 7, 1959, Ovie Mitchell entered into a certain conditional sales contract with Publix Buick, Inc., for the purchase of a 1955 four door Oldsmobile. As a part of the purchase price defendant, Ovie Mitchell, traded in a 1953 Ford, and was allowed the sum of four hundred fifty dollars ($450.00) leaving a balance due and owing on said

contract in the amount of one thousand three hundred eighty six dollars ($1,386.00).

"2. That said Ford had been purchased previously by said defendant of Public Buick, Inc. and that an additional endorser signed the contract with said Ovie Mitchell and that said additional signer on said Ford was required by Public Buick, Inc., because it had no credit experience with said Ovie Mitchell prior thereto.

"3. That said contract for said Oldsmobile was assigned by Public Buick, Inc. to the Campbell & Fetter Bank on or about July 8, 1959.

"4. That plaintiff Campbell & Fetter Bank repossessed said 1955 Oldsmobile under the terms and conditions of said conditional sales contract upon defendant's default in making payments thereon.

"5. That said contract with said defendant, Ovie Mitchell contained a provision permitting retaking of possession of said automobile in the event that defendant was in default and on or about October 21, 1959, said Oldsmobile was sold and the proceeds therefore credited to the balance due from said defendant on said contract.

"6. On July 7, 1959 when said defendant entered into said contract with Publix Buick, Inc. for the purchase of said Oldsmobile automobile said defendant, Ovie Mitchell represented to said Publix Buick, Inc. that he was 21 years of age. However, said defendant was 19 years of age at the time of making said contract.

"7. That Ovie Mitchell further represented to said Publix Buick, Inc. that he was to be married within the next few weeks and said Ovie Mitchell was married within the next few weeks after said contract for the purchase of said Oldsmobile was made.

"8. That said defendant, Ovie Mitchell was employed at Newnam Foundry Co., Inc. at the time of the purchase of said Oldsmobile and had been employed at said Foundry for several months prior thereto.

"9. That said Ovie Mitchell represented that he was 21 years of age at the time he commenced employment at said Foundry.

"10. That said Ovie Mitchell was of mature and adult appearance at the time he purchased said automobile of said Publix Buick, Inc.

"11. That both of said plaintiffs used due diligence in varifying and corroborating the statements of Ovie Mitchell as to his employment at said Newnam Foundry Co., Inc. and as to his age by inquiring of Newnam Foundry Co., Inc.

"12. Said Ovie Mitchell's family was in West Virginia which home said Ovie Mitchell left to come to Kendallville, Indiana for the purpose of employment in the year 1957 and that the said Ovie Mitchell quit school in West Virginia in the year 1953.

"13. That said Ovie Mitchell although a minor was emancipated.

"14. That plaintiffs are entitled to nothing in this cause excepting their costs, since they have dismissed their complaint.

"15. That the loss, if any, that Ovie Mitchell has had by reason of said contract was contributed to by said Ovie Mitchell's misrepresenting his age to plaintiffs and others."

The conclusions of law stated by the court, as set forth in appellant's brief, are:

"1. Said Oldsmobile automobile was a necessity.

"2. That the contract made July 7, 1959 between said Publix Buick, Inc. and said Ovie Mitchell which was later assigned to the Campbell & Fetter Bank was a valid and legally binding contract.

"3. That the plaintiffs are not legally obligated to said defendant on said contract and that said defendant should take nothing by his counterclaim.

"4. That judgment should be rendered against the defendant, Ovie Mitchell on the counterclaim and for the plaintiffs, Campbell and Fetter Bank and Publix Buick, Inc. on their answer to said counterclaim.

"5. That the defendant, Ovie Mitchell, should be responsible for the contract which he has made because his misrepresentation as to his age induced the plaintiffs to act as they did.

"6. That costs of this action should be charged to the defendant, Ovie Mitchell, taxed at $ ———."

It appears from the special findings that on July 7, 1959, appellant, then a minor 19 years of age, entered into a conditional sales contract with the appellee, Publix Buick, Inc., for the purchase of an automobile; that he was allowed a credit in the amount of $450.00 for a 1953 Ford traded in by him; that at the time appellant entered into said contract, he was of mature and adult appearance and represented to said appellee that he was 21 years of age; that on July 8, 1959, said contract was assigned to appellee, The Campbell & Fetter Bank, and that the latter repossessed said automobile and sold the same on October 21, 1959.

The court made no finding that appellant had disaffirmed and rescinded said contract. However, it is alleged in appellant's counterclaim that he "has disaffirmed and rescinded said contract and does hereby further disaffirm and rescind said contract" and that "notice of intention to rescind and disaffirm said contract was served upon the plaintiffs (appellees) and each of them." It is found by the court that appellant was a minor at the time he entered into the contract and that the appellee, Campbell & Fetter Bank, repossessed the automobile from appellant and sold it. Therefore, said allegations of appellant's counterclaim were sufficient, of themselves, to constitute a disaffirmance of the contract. *Indiana Union Traction Co.* v. *Maher* (1911), 176 Ind. 289, 292, 95 N. E. 1012.

Adhering to the long established rule in this state, we have just recently held in *Bowling, etc.* v. *Sperry, etc.* (1962), 133 Ind. App. 692, 184 N. E. 2d 901, that

" . . . the contracts of minors are voidable and may be disaffirmed. It is not necessary that the

other party be placed in *statu quo,* nor is it necessary that the minor tender back the money or property he has received before suing for the value or possession of the money or property given by him to the adult."

However, a minor is bound on his contract for necessaries furnished to him. 19 I. L. E., *Minors,* §53, page 606. Whether the goods contracted for or furnished to the minor are necessaries is a question of law for the court. *Garr et al.* v. *Haskett et al.* (1882), 86 Ind. 373, 374. The recognition of this rule apparently prompted the court to state his Conclusion of Law No. 1 that "Said Oldsmobile automobile was a necessity."

Appellant charges that the court erred in this conclusion because "it is not supported by and does not follow any facts specially found." We are inclined that appellant's challenge to said conclusion is well taken. In the case of *Bowling, etc.* v. *Sperry, etc., supra,* we were confronted with the question of whether the automobile purchased by the minor appellant was a necessity. We therein set forth the definition of necessaries as provided in §58-102, Burns' 1961 Replacement:

"Necessaries in this secton means goods suitable to the condition in life of such infant or other person, and to his actual requirements at the time of delivery."

We quoted the definition found in *Price et al.* v. *Sanders et al.* (1878), 60 Ind. 310, 314:

" 'Necessaries,' in the technical sense, mean such things as are necessary to the support, use or comfort of the person of the minor, as food, raiment, lodging, medical attendance, and such personal comforts as comport with his condition and circumstances in life, including a common school educa-

tion; but it has been pithily and happily said, that necessaries do not include 'horses, saddles, bridles, liquors, pistols, powder, whips and fiddles.'"

Further, we made adoptive reference to the statement concerning necessaries which appears in 27 Am. Jur., *Infants,* §17, pp. 760, 761, as follows:

"Aside from such things as are obviously for maintenance of existence, what are or what are not necessaries for an infant depends on what is reasonably necessary for the proper and suitable maintenance of the infant in view of his social position and situation in life, the customs of the social circle in which he moves or is likely to move, and the fortune possessed by him and by his parents. It has been said that articles of mere luxury or adornment cannot be included but that useful articles, although of an expensive and luxurious character, may be included if they are reasonable in view of the infant's circumstances. The necessities to be procured by the contract must be personal necessities, that is, for the living or personal well-being of the infant. . .

"What is furnished to the infant must be suitable, not only to his condition in life, but also to his actual requirements at the time—in other words, the infant must not have at the time of delivery an adequate supply from other sources. *To be liable for articles as necessaries, an infant must be in actual need of them, and obliged to procure them for himself.*"

The special findings entered by the court in this cause contain no findings as to the essential matters made requisite by said cited authorities for the judicial conclusion of the court that the automobile purchased by appellant was, for him, a necessity. Findings "numbered 12, 8, 11, 7, and 13", relied upon by appellees as sustaining said Conclusion of Law No. 1, are wholly destitute of the ultimate facts essential to be found as

an adequate basis for the legal declaration challenged by appellant.

The misrepresentations found by the court to have been made by appellant do not constitute any ground for the legal determination by the court that the automobile sold to appellant was a necessity.

The appellees dismissed their complaint and, therefore, no issue of damage to appellees by reason of any alleged tort by appellant was presented to the court.

We conclude that said Conclusion No. 1 is erroneous in that the same is not sustained by the special findings of ultimate facts. Without such conclusion, the judgment appealed from is without foundation and cannot be sustained.

It is unnecessary to consider the other asserted errors discussed by the parties as the same may not arise on a retrial of the cause.

The judgment is reversed with direction to the trial court to sustain appellant's motion for a new trial, and for further proceedings.

Mote and Pfaff, JJ., concur; Hunter, J., not participating.

NOTE.—Reported in 195 N. E. 2d 489.