400 N.E.2d 1147 (1980)
Warren W. WYNEKEN, Appellant-Claimant,
v.
Wayne LONG, Guardian of Ernest C. Byroade, Incompetent, Appellee.
No. 3-579A123.
Court of Appeals of Indiana, Third District.
February 21, 1980.
Rehearing Denied March 27, 1980.
*1148 Paul J. Sauerteig, Fort Wayne, for appellant-claimant.
Benton E. Gates, Jr., Gates and Gates, Columbia City, for appellee.
STATON, Judge.
Warren Wyneken filed a claim against Wayne Long, as guardian for Ernest Byroade, to recover payment for legal services rendered to Byroade. The trial court denied the claim, from which Wyneken appeals.
We affirm.
On February 20, 1975, Long was appointed guardian of the person and of the estate of Byroade. Byroade had been declared incompetent because of his age and physical and mental infirmity. Wyneken was aware that a guardianship had been established. Nevertheless, without first seeking the approval of the guardian, Wyneken expended approximately sixteen hours performing legal services for Byroade at Byroade's request. Most of the services were performed after an attorney from a legal aid staff had entered an appearance for Byroade. Long refused to compensate Wyneken for those services. The trial court agreed that Wyneken was not entitled to compensation.
An attorney may recover the value of services rendered in an action to terminate a guardianship. Recompense in such situations is predicated upon IC 1971, XX-X-XX-XX (Burns Code Ed.), which provides:
"Petition for adjudication of competency.  The ward or any person may file a petition on behalf of the ward, to have the ward adjudicated competent. If the court shall determine that the ward is still incompetent, no person shall file a new petition to have the ward adjudicated competent within a period of six [6] months. If the court shall determine that the ward is competent, or, if still incompetent, that the proceeding was brought in good faith, the ward shall pay the expenses of such proceeding, otherwise the court shall give judgment therefor against the person filing such petition ...",
and upon our conclusion in Guardianship of Carrico v. Bennett (1974), 162 Ind. App. 330, 319 N.E.2d 625, that the term "expenses" encompasses reasonable attorneys' fees incurred in maintaining the proceeding. Wyneken's services, however, were not rendered for the purpose of terminating the guardianship. Accordingly, he cannot predicate his theory of recovery on IC 1971, XX-X-XX-XX.
And, even though the services were performed at Byroade's request, Wyneken cannot recover on the theory that there was an express contract to pay for the services. IC 1971, XX-X-XX-XX, Ind. Ann. Stat. § 8-141 (Burns Code Ed.) provides that contracts entered into by persons previously adjudged incompetent are void.
Although the law will not enforce an express contract against an incompetent, the law will allow a recovery against the incompetent's estate for the reasonable value of necessary services rendered at the request of the incompetent. Rautenkranz v. Plummer (1921), 75 Ind. App. 269, 130 N.E. 435. The question we must resolve, then, is whether the services rendered by Wyneken constituted "necessary" services. We conclude that they did not.
The services rendered by Wyneken did not challenge the existence or the propriety of the guardianship, nor did they involve matters of such exigence that guardian approval could not have been obtained before the services were rendered. Furthermore, most of Wyneken's services were rendered after an attorney from a legal aid staff had entered an appearance for Byroade. Thus, the services which Wyneken sought to perform were already available to Byroade and the rendering of those services by Wyneken was not "necessary." See Mitchell v. Campbell and Fetter Bank (1964), 135 Ind. App. 523, 195 N.E.2d 489.
The trial court properly denied the claim.
*1149 HOFFMAN, J., concurs.
GARRARD, P.J., concurs with opinion.
GARRARD, Presiding Judge, concurring.
The majority has stated the law applicable to Wyneken's claim. The evidence was not "without conflict leading inescapably to the conclusion contrary to that reached by the court." See, e.g., Malo v. Bowlers Country Club, Inc. (1972), 152 Ind. App. 413, 283 N.E.2d 806, 807. Therefore, I concur in affirming the judgment.