**Theresa CARRANO, Plaintiff-Appellant,**

**v.**

**Robert SCHEIDT and Agnes Scheidt, Defendants-Appellees.**

**No. 16262.**

United States Court of Appeals Seventh Circuit.

Dec. 26, 1967.

William J. Jovan, Joseph P. Jenkins, Chicago, Ill., Saul I. Ruman, Hammond, Ind., for appellant.

John P. McQuillan, Harry J. Jennings, Spangler, Jennings, Spangler & Dougherty, Gary, Ind., for defendants-appellees.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

In this diversity action, in which Indiana law is controlling, a summary judgment was entered for defendants,

Mr. and Mrs. Robert Scheidt, in plaintiff's suit for damages for injuries sustained when she fell in their home. Viewed in the light most favorable to the plaintiff, the testimony contained in the parties' depositions discloses the following facts: At 6:15 p. m. on April 3, 1965, plaintiff visited the Scheidts' home in Griffith, Indiana. She was planning to accompany Mrs. Scheidt and her daughter Sandy to a neighbor's 7:30 p. m. surprise bridal shower for Sandy, who was plaintiff's goddaughter. At 6:30 p. m. plaintiff said she wished to visit the washroom. Mrs. Scheidt escorted her to the master bedroom adjoining the washroom. The bedroom floor was highly polished[1] and the 3' x 5' throw rug, with a badly worn rubber back, slipped, causing the plaintiff to fall and allegedly incur various fractures and other injuries. As Mrs. Scheidt knew, her mother-in-law would never use that washroom because of her fear of falling on the same bedroom floor and rug. The backing had worn off the rug through 18 washings by Mrs. Scheidt.

Before the parties' depositions were taken, defendants filed a motion for summary judgment, urging that plaintiff was a licensee who took all risks as to the condition of the premises. The District Court entered summary judgment for defendants. The question here is whether the dispute, as presented thus far, should have gone to the jury. We hold that in this setting a jury should be permitted to determine whether defendants were negligent in not warning plaintiff of this condition. Because of our conclusion that an owner or occupant does have a duty to warn an unaware licensee of a known hidden or dangerous condition, the jury should pass on the factual questions still presented by this case, such as whether the duty was violated and, if so, whether the violation resulted in the injuries.

1. Mrs. Scheidt had last cleaned, waxed and buffed the floor three months prior to the accident but testified in her deposition that it was still highly polished, with a gloss or shine, and was "apt to be slippery when walking over it if you weren't used to it."

■ The depositions showed that Mrs. Scheidt knew the rug had a worn back and that the bedroom floor was slippery. Plaintiff did not know of this condition and was given no warning. Under Indiana law, a knowing owner may be held liable for injury to a licensee if the owner does not warn the unwitting licensee of a hidden peril. Barman v. Spencer, 49 N.E. 9, 11, 13 (Ind. Sup.Ct.1898); Cleveland, C., C. & St. L. Ry. Co. v. Means, 59 Ind.App. 383, 104 N.E. 785, 793 (1914); Midwest Oil Company v. Storey, 134 Ind.App. 137, 178 N.E.2d 468, 472–473 (1961); 21 Indiana Law Encyclopedia, Negligence, § 36, p. 296; Prosser, Torts (3rd ed. 1964) § 60, pp. 390–392. This accords with the Restatement of the Law of Torts, Second, § 342.[2] Mrs. Scheidt realized that plaintiff did not know of the condition. Having accompanied plaintiff to the bedroom, Mrs. Scheidt could easily have given a word of caution.

■ Defendants cannot properly say that as a matter of law there was only passive negligence. Mrs. Scheidt's frequent washings of the rug had worn off its rubber back, and yet she placed it on a floor that she had highly polished, admitting that the floor was "apt to be slippery." She escorted plaintiff to the bedroom and gave no warning although she knew her mother-in-law would not use the adjoining bathroom for fear of falling.

In the District Court, the parties cited only Olson v. Kushner, 211 N.E.2d 620 (Ind.App.1965). In that case, the injury occurred when a guest fell on slushy steps to defendants' home. In holding that a cause of action was not stated, the court there observed that only passive negligence was alleged and that the conditions described were as readily apparent or discernible to both parties. There may be no duty to warn of the obvious (Restatement of the Law of Torts, Second, § 342(a) and (c)) but here the jury could find the defect not to be apparent, so that *Olson* is not controlling. In addition, Mrs. Scheidt was actually present in the danger area; therefore, the requirement of a warning here cannot be deemed unduly burdensome.

Defendants also rely on Millspaugh v. Northern Indiana Public Service Co., 104 Ind.App. 540, 12 N.E.2d 396 (1938), but there the defendant did not know of plaintiff's presence on its unoccupied property. In contrast, Mrs. Scheidt knew this plaintiff was present, and Mrs. Scheidt was in a position to know of the particular danger and to avert the accident with a warning. Cf. Barman v. Spencer, 49 N.E. 9 (Ind.Sup.Ct. 1898).

■ Plaintiff somewhat lamely claims to have been an invitee, but Olson v. Kushner, 211 N.E.2d 620 (Ind. App.1965) is a fatal bar on this point. We agree with the District Court's ruling that under the Indiana authorities, she was only a licensee.

Reversed and remanded.

DUFFY, Senior Circuit Judge (dissenting).

In this diversity suit, we must apply Indiana law whether or not we like that law in this case.

Under Indiana law, plaintiff was a social guest. She was the godmother of defendant's daughter. She came to defendants' home, took off her shoes and had a drink. She acted as, and undoubt-

2. Section 342 provides:
"Dangerous Conditions Known to
Possessor
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
"(c) the licensees do not know or have reason to know of the condition and the risk involved."

edly was, regarded as a member of the family.

Under Indiana law, plaintiff had the status of a licensee. She took the furniture, furnishings and equipment of the home as she found them. The owners of the premises owed the plaintiff the duty to abstain from any positive, wrongful act which might increase plaintiff's risk or cause her injury.

What wrongful or negligent act did the defendants perform? Plaintiff speaks of a highly polished floor, yet, that floor had not been waxed for more than four months prior to the date of the accident, and apparently the room was used daily.

The backing on the three by five rug had become worn, yet many rugs have no backing at all, and under Indiana law, defendants could not be held liable for failing to provide a skid-proof rug.

We should do more than pay lip service to Indiana law. In my opinion, Olson v. Kushner, 211 N.E.2d 620 (Ind. App., 1965) requires that the District Court herein should be affirmed. The facts in *Olson* are very similar to those in the case at bar. In *Olson*, the plaintiff alleged in her complaint that she fell on concrete stairs leading up to and around the defendants' home. She claimed the defendants were negligent because they failed to provide proper lighting and handrails on the stairs and allowed water, slush and other slippery materials to accumulate on the stairway. Plaintiff also alleged defendants provided her with a defective umbrella. The trial court sustained defendants' demurrer to the complaint and the Appellate Court of Indiana affirmed. *Olson* is indistinguishable from this case. If the Indiana court did not find defendants' acts in *Olson* to be sufficient to constitute active negligence, this Court, in my opinion, is compelled to hold that the Scheidts' acts do not constitute active negligence. Therefore, there is no duty to warn and no jury question. The majority opinion transforms passive negligence into active negligence in the face of *Olson*.

The majority opinion cites Barman v. Spencer, 49 N.E. 9 (Ind.Sup.Ct., 1898) to support its view. However, the majority opinion overlooks the following pertinent language in *Barman*, supra, at p. 13—" 'Defects in a house, such as are incident to the ordinary wear of housekeeping, but which are the cause of injury to a lawful visitor, attach no liability to the owner or occupant of the house.' "

There is no material issue of fact in this case to go to the jury. I would affirm the summary judgment in favor of defendants.