## LINGENFELTER v. BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY.

[No. 18,764.   Filed January 23, 1900.]

RAILROADS.—*Liability for Injury of Licensee.*—A mere licensee injured in the dark by falling into a pit while crossing certain premises of a railroad company cannot recover damages of such company, unless the injury is shown to be wilful on the part of the company.

From the Clark Circuit Court.   *Affirmed.*

*G. H. Voigt,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

JORDAN, J.—Appellant filed his complaint in the lower court to recover damages for injuries sustained by falling into a pit situated upon the premises of appellee.   A demurrer was sustained to the complaint, and judgment was rendered against the appellant for cost.

The only question presented is:   Are the facts, as stated in the complaint, sufficient to entitle appellee to a recovery? It appears, from the facts averred therein, that the defendant is a railroad company, and, at the time plaintiff sustained his injury, owned and operated a railroad in this State, a part of said road being located in the city of Jeffersonville.   The defendant's station and yards in said city were located on real estate abutting on Broadway, and extended from First to Fourth streets.   The defendant also owned certain grounds which were situated between Third and Fourth streets in said city, and east of and adjoining Broadway.   For ten years, and over, prior to the accident in question, these premises of the defendant were uninclosed, and a certain pathway leading across them, from a point on Third street to Broadway, had been uninterruptedly used by the public in passing from Third street to Broadway, with the knowledge and permission of defendant railroad company.

The complaint then charges that at and for some time prior to the accident the defendant negligently maintained on its said premises, under its railroad tracks, a certain pit, the dimensions thereof being twenty feet long, four feet wide, and six feet deep, the north end of this pit being within two feet of the south side of the pathway. It is further averred that during all of said time the defendant negligently suffered this pit to remain without cover or guard, and failed to place any signals of danger at or near the same; that, on the day of the accident, the defendant, it is alleged, negligently caused a car to be placed and remain on its railroad track in "proximity of said pit, and in such a position that the south end of the car stood across said pathway to within a foot of the north line of the pit."

The complaint then alleges the facts relative to the accident in question to be as follows: "That on the 12th day of December, 1896, in the night-time, the plaintiff was, in a careful and prudent manner, passing and traveling along said pathway from Third street, in a westwardly direction, and, while so traveling on said pathway, he came to said car then and there standing, as aforesaid, and saw it standing before him, but did not, and by reason of the darkness could not, see that it was standing across said pathway, and did not know that it was standing across the same, but believed from the position of said car that said pathway lay immediately beyond and south of said car; and, in order to pass said car in his travel, as aforesaid, plaintiff was compelled to and did slightly diverge in his course from said pathway, and attempted to pass immediately south of said car, and in so doing he walked and fell into said pit. That, if said car had not been standing across said pathway as aforesaid, said plaintiff would not have diverged from said pathway, and would have safely passed along the same; that if any signal of danger had been placed at or near said pit, or if he had been warned in any way of the dangerous condition of the same, he would not have fallen into it; that at

the time he so fell into said pit he did not and could not see the same, and had no knowledge of its existence."

The complaint also states the character of the injuries which appellant sustained by reason of the accident, and alleges his freedom from contributory negligence.

It is evident, we think, when tested by the well settled rules of law applicable to the facts in this case, that the complaint is not sufficient. The gravamen of the pleading appears to be that appellee, for a long time prior to the accident, had suffered or permitted the public to use a path leading across its premises in question as a short cut from one public street to another. For some time before appellant was injured, appellee maintained, under its tracks over said premises, the pit in controversy, and had neglected to cover the same or place any signals of danger near it, in order to warn persons using the path of its presence. On the day preceding the night in which appellant received his injury, it further appears that appellee placed and left standing one of its cars upon its tracks across this path, and thereby obstructed the passage over the same. Appellant, on the night in question, while passing from Third street over appellee's said premises by way of this path, saw the car standing before him, but by reason of the darkness he became confused in regard to the position of the car, and, endeavoring to pass around it, he walked or fell into the pit, and was injured. It is charged that if it had not been for the car standing in the position which it did, he could have passed safely along the path, or, if he had been warned of the danger of the pit, the accident in question would have been avoided.

We may reasonably assume, as there is nothing shown to the contrary, that this pit was constructed and used by appellee for a necessary and legitimate purpose connected with the business in which it was engaged. For the same reason we may also presume that the car in question was necessarily placed and left standing by appellee on its tracks in

connection with its business. Under this condition of appellee's premises, as stated in the complaint, appellant undertook to cross them by the way of this path, and, in his attempt to pass south of the car, he fell into the pit and was injured. He is not shown to have been upon the premises in controversy in respect to or by reason of any business which he had to transact with the railroad company. There is certainly nothing to disclose that he was upon the company's grounds by reason of any invitation or inducement from it, either express or implied. In the absence of anything to the contrary, we may reasonably assume that he was simply exercising the privilege of using this short cut pathway for his own accommodation or convenience. Upon no view of the case can he be considered as anything more than a mere licensee, and his case falls within the general rule applicable to such persons. The fact that he was passively permitted or suffered by appellee, along with others of the public, to pass over its grounds for his own convenience, may be accepted as showing that he, at the time of the accident, was not a trespasser; but certainly such fact alone can not be regarded as sufficient to show that he was upon appellee's premises by its inducement or invitation, express or implied.

The decisions of this court fully affirm and support the rule that where a person goes upon the premises or lands of another, without any inducement or invitation being held out to him by the owner or occupant, he accepts the use of the premises subject to all dangers incurred thereby in their use or enjoyment; or, in other words, the law, as a general rule, does not cast the duty upon such owner or occupant, under such circumstances, to exercise care over the licensee, or to see that he does not incur danger; but he must accept his permission to go upon the premises with all of the concomitant conditions and perils of such premises, and as a general rule he can not recover for injuries caused by obstructions or pitfalls thereon. Of course, this rule is subject to the exception that the licensor must not wilfully or wantonly cause the injury to the licensee.

It is not necessary for us to affirm, neither do we mean to hold, that under no circumstances will the owner or occupant of the premises be held liable to the licensee for damages sustained by the latter by reason of pitfalls or traps placed upon the premises. We simply affirm the general rule which is applicable and must control under the facts in the case at bar. In support of the proposition which we have asserted, see *Lary* v. *Cleveland, etc., R. Co.,* 78 Ind. 323, 41 Am. Rep. 572; *Evansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221, 50 Am. Rep. 783, and cases cited; *Indiana, etc., R. Co.* v. *Barnhart,* 115 Ind. 399, and cases cited; *Reardon* v. *Thompson,* 149 Mass. 267, 21 N. E. 370; *Plummer* v. *Dill,* 156 Mass. 426, 32 Am. St. 463; 3 Elliott on Railroads, §§1248, 1249, and 1250.

Appellee, under the circumstances in this case, as the authorities affirm, owed no duty to appellant to refrain from obstructing the path by placing the car, as it did, upon its tracks situated on its own grounds, which were used in connection with the particular business in which it was engaged. Neither did the duty rest upon it, under the circumstances, to place signals of danger at or near the pit in order that a mere licensee, like appellant, passing over these grounds in the night-time, might be warned, and thereby avoid falling into such pit.

As said by Holmes, J., in *Reardon* v. *Thompson,* 149 Mass. 267, on p. 268: "An open hole, which is not concealed otherwise than by the darkness of night, is a danger which a licensee must avoid at his peril."

The case of *Redigan* v. *Boston, etc., R. Co.,* 155 Mass. 44, 14 L. R. A. 276, is very similar to the case at bar. In the Redigan case, the station grounds of the railroad company were permitted to be used by foot passengers, and others of the public, not having any business with the company, in passing over the same as a short cut from one public street to another. The plaintiff in that case, in the night-time, while passing along over the defendant's grounds

by way of the short cut, was injured by falling into an unguarded hole or opening. It was held, under the facts in that case, that the plaintiff was a mere licensee, and the railroad company was not liable for the damages sustained.

We conclude that the judgment of the lower court ought to be affirmed, and it is so ordered.