## THISTLEWAITE v. HECK.

[No. 10,346. Filed October 26, 1920. Rehearing denied February 2, 1921. Transfer denied April 20, 1921.]

1. NEGLIGENCE.—*Bare Licensee.—Protection from Injury.*—An owner or occupant of a storeroom is under no duty to protect from injury those who go upon the premises as volunteers, or merely with express or tacit permission, from motives of curiosity or private convenience, in no way connected with the business of the owner or occupant. p. 362.

2. NEGLIGENCE.—*Licensee by Invitation.—Protection from Injury.*—The owner or occupant of a premises owes to one going thereon by invitation, which includes enticement, allurement and inducement, a duty of exercising ordinary care to prevent him from being injured. p. 362.

3. NEGLIGENCE.—*Licensee by Invitation.—Licensee by Permission.*—An invitation to go upon the premises of another is inferred where there is a common interest between, or mutual advantage to, both the licensee and the owner, while a license by permission to enter is inferred where the object is the mere pleasure or benefit of the person entering upon the property. p. 363.

4. NEGLIGENCE.—*Licensee by Permission.—Personal Injuries.—Liability.*—Where one goes upon the premises of another with the permission or sufferance only of the owner without any enticement, allurement or inducement, he is a licensee by permission and takes the property as he finds it, the owner not being liable for passive negligence. p. 363.

5. NEGLIGENCE.—*Licensee by Invitation.*—Where the owner or occupant invites another, either expressly or impliedly, to come upon his premises to transact business with him or to do some act to his advantage, or to the mutual advantage of such owner or occupant and the person so entering the premises, the latter is a licensee by invitation as distinguished from a licensee by permission. p. 363.

6. NEGLIGENCE.—*Licensee.—Failure to Object.*—Mere acquiescence, or failure to object, is not sufficient to sustain the inference that a licensee upon the premises of another is a licensee by invitation. p. 363.

7. NEGLIGENCE.—*Personal Injuries on Premises of Another.—Jury Question.—Nature of License.*—Where plaintiff, who entered a drug store for the purpose of making a purchase, fell through a trapdoor in a rear room of the store while going to a toilet, *held,* that under the evidence the question whether plaintiff was a licensee or an invitee was for the jury. p. 364.

From Wayne Circuit Court; *William A. Bond,* Special Judge.

Action by Charles Heck against Clem Thistlewaite. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Gardner, Jessup, Hoelscher & White,* for appellant. *Robbins, Reller & Robbins,* for appellee.

McMahan, C. J.—Action by appellee against appellant, who was the owner and proprietor of a drug store, to recover damages for personal injuries sustained by appellee in falling through an open and unguarded trapdoor in the rear room of said drug store.

The undisputed evidence shows that appellee entered the store with several children for the purpose of buying some ice cream. After having entered the store one of the children informed appellee that he wanted to go to the toilet. There was a toilet in a remote corner in the rear room of the store, which could be reached from the main part of the store only by passing behind the counter, around the rear of the prescription case, and through a door leading into the rear room. There was a trapdoor in front of and near the toilet, which opened into the basement and when closed the door formed a part of the floor. On the occasion when appellee was injured, this door was open and resting against the wall of the building. Appellee, when informed that one of the children wanted to go to the toilet, spoke to appellant or one of his clerks. The evidence is conflicting as to the conversation between appellant and his clerk and appellee after the child made his wants known. Appellee testified that after the child had informed him of its desire, he spoke to the appellant saying: "The boy wants to go to the toilet," and that appellant said: "All right go ahead." That

he then started through the passageway between the soda fountain and the candy case, and appellant's clerk said, "All right, go ahead, you know the way as well as I do." That he then proceeded through the door back of the prescription case into the back room and across to the toilet. That there were no lights in that room, and while appellee was trying to turn on a light in the toilet, the child fell into the open trapdoor, and in doing so called to the appellee, who in turning around also fell through the opening down into the basement and was injured.

Dr. Bulla was called to appellant's store immediately after appellee was injured and testified as to a conversation which he says he had with the appellant, in which the witness asked how the accident happened. He testified that appellant said appellee came in with four or five children; that one of the children whispered something to appellee; that appellee said to the clerk, "He wants to go to the toilet," and he, (evidently meaning the clerk) said, "All right, come right through this way." That appellant was sitting over by the side, and appellee spoke to appellant saying, "Is that all right Mr. Thistlewaite?" and that appellant in reply to appellee said, "Go ahead Charley, you know as much about that place as I do." There was also some evidence to the effect that men working in and around the store, such as draymen, expressmen, and some of appellant's customers at the store would occasionally use that toilet. Sometimes they would ask permission to use it, other times they would not. That appellee had worked in the rear room for appellant several days building shelving and had seen people other than employees of appellant use the toilet. Appellant denied having had any such conversation with appellee or with Dr. Bulla, and says that whatever conversation appellee had was with

the clerk, Emmet Harris, who testified that appellee after he came into the store said, "The boy wants to use the toilet," and that he, Harris, said, "You know where it is, don't you?"

Appellant contends that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in not instructing the jury to return a verdict for appellant. There is, in fact, no controversy between appellant and appellee as to the law. The contention of appellant is that under the facts appellee was a licensee at the time of his injury, while appellee contends that he was an invitee at that time, and that under the evidence the appellant is liable for the damages suffered.

The law relative to the duty which the owner or occupant of property owes to a licensee and to an invitee is well settled. An owner or occupant of a storeroom is under no duty to protect those from injury who go upon the premises as volunteers, or merely with express or tacit permission, from motives of curiosity or private convenience, in no way connected with business or other relation with the owner or occupant. *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 79 N. E. 186, 7 L. R. A. (N. S.) 597, 119 Am. St. 503. Mere permission, without more, involves "leave and license," but bestows no right and care. If I give A. permission to hunt for game upon my farm, and A. falls into an open ditch or an uncovered pit, and is injured, no duty on my part is created. No breach of duty is shown and no action for damages will lie against me because of such injury. But my liability changes if I invite A. to use my premises for purposes connected with my own benefit, pleasure or convenience. A. then becomes an invitee, and I am charged with the duty to take ordinary care to prevent him being injured, and for the breach of that duty an

action lies. Invitation covers and includes enticement, allurement and inducement. Invitation may arise

3. from a known customary use. In order that the facts may show or imply an invitation, the rule is that an invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it. *Chicago, etc., R. Co.* v. *Martin* (1902), 31 Ind. App. 308, 65 N. E. 591; *Cleveland, etc., R. Co.* v. *Means* (1914), 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375.

There may be a license by permission, without any enticement, allurement or inducement, or there may be a license by invitation. Thus, if one goes upon

4. the premises of another with the permission or sufferance of the owner, he is a licensee by permission and takes the property as he finds it; the

5. owner not being liable for passive negligence. But, if one goes upon the premises of another with the express or implied invitation of the owner or occupant, to transact business with such owner or occupant, or to do some act which is to the advantage of the owner or occupant, or to the mutual advantage of the owner or occupant and the person so entering upon the premises, the latter is a licensee by invitation, as distinguished from a licensee by permission. A license by invitation is inferred where there is a common

3. interest or mutual advantage, while a license by permission is inferred where the object is the pleasure or benefit of the person entering upon

6. the property, and which will not in any wise enure to the benefit of the owner or occupant. In order to infer an inducement to enter the facts must be sufficient to show an express or implied invitation. Mere acquiescence or failure to object is not sufficient to sustain the inference of invitation. *Cleveland,*

*etc., R. Co.* v. *Means, supra; Faris* v. *Hoberg* (1893), 134 Ind. 269, 33 N. E. 1028, 39 Am. St. 261.

Construing the evidence most favorably to appellee, it appears that appellee first informed appellant's clerk that the little boy desired to go to the toilet, that 7. the clerk said "All right, come right through,"; that when appellee came to or near the place where appellant was sitting, he then asked if it was all right and that appellant replied, "Go ahead Charley, you know as much about that place as I do."

We are of the opinion that under the evidence it was a question of fact for the jury to say whether the appellee was at the time of his injury a licensee or an invitee, and that the verdict is sustained by the evidence. There was no error in overruling the motion for a new trial.

Judgment affirmed.