## OLSON v. KUSHNER, ET UX.

[No. 20,190. Filed November 23, 1965.]

*Galvin, Galvin & Leeney,* of Hammond, for appellant.

*Albert H. Gavit,* of Gary, for appellee.

FAULCONER, J.—This is an appeal from a ruling of the trial court sustaining appellees' demurrer to appellant's amended complaint and the judgment entered after appellant refused to plead over.

In her amended complaint appellant alleged that she was a guest in the home of appellees on July 15, 1961, and that she sustained injuries as the result of a fall on the concrete stairs leading up to and around said home. The allegations of negligence are:

"a)  Negligently and carelessly failed to provide proper lighting in the area of said stairs thereby creating a dangerous and hazardous condition, said condition not having been disclosed to said plaintiff [appellant];

"b)  Negligently and carelessly failed to provide adequate handrails along said stairs;

"c)  Carelessly and negligently permitted and allowed water, slush and other slippery materials to accumulate on said stairway and appurtenances thereto;

"d)  Knew or should have known that water, slush and other slippery materials had accumulated on the stairway thereby making them extremely hazardous yet failed to give notice to the plaintiff herein;

"e)  Carelessly and negligently provided plaintiff with an umbrella which was defective in that it would collapse when exposed to the air movements or currents."

The duty owed by a person who owns land, or is in charge of the premises, to a person on such premises depends largely on the relationship between such occupier of the land ■ and the person injured thereon. *Standard Oil Co. of Ind., Inc.* v. *Scoville* (1961), 132 Ind. App. 521, 524, 175 N. E. 2d 711 (Transfer denied).

"While there are many decisions, both in this state and elsewhere, in which the rules applicable to cases of this

character have been applied, the courts have been governed by the particular facts in each case in determining what rule should be applied, the essential question in each case being, Did the owner of the premises (under the particular circumstances of the case involved) owe any duty to the party injured on his premises, and, if so, was such duty violated, and did such violation result in the injury complained of?" *Brush* v. *Public Service Co. of Indiana* (1939), 106 Ind. App. 554, at pages 560-561, 21 N. E. 2d 83.

In *Millspaugh, Admr.* v. *Northern Ind. Pub. S. Co.* (1938), 104 Ind. App. 540, at page 552, 12 N. E. 2d 396, this court said:

"The courts recognize two classes of licensees, namely, licensees by invitation and licensees by permission. To a licensee by invitation the occupant of the premises assumes the obligation of making and maintaining them in a reasonably safe condition for the use of the licensee while he remains thereon by virtue of such invitation, and, for a violation of this duty, the owner is liable in damages to a person injured thereby who is himself free from contributory negligence. A licensee by permission is one who for his own convenience, curiosity, or entertainment, goes on the premises of another by his (the owner or occupant's) permission or sufferance. Such a licensee takes the premises as he finds them as to any defects thereon, and the owner is not liable for any injuries resulting to such licensee owing to defects in the condition of the premises. The owner is not liable for passive negligence. *Cleveland, etc., Ry. Co.* v. *Means* (1915), 59 Ind. App. 383, 104 N. E. 785; *Thistlewaite* v. *Heck* (1921), 75 Ind. App. 359, 128 N. E. 611."

Although the status of a "guest," as alleged in appellant's amended complaint, while on the premises of the owner or occupant of land has never been decided in Indiana to our knowledge, and no such determination has been cited by the parties herein, most of the courts which have been called upon for a determination of the status of such person have held that he has only the rights of a mere licensee, or licensee by permission, as distinguished from those of an invitee. 65 C. J. S., Negligence, § 32, p. 489;

Annot., 25 A. L. R. 2d 600, 601, 605 (1952) ; 2 Harper & James, Torts, § 27.11, p. 1477 (1956).

> "Thus nearly all of the decisions are agreed that a social guest, however cordially he may have been invited and urged to come, is not in law an invitee—a distinction which has puzzled generations of law students, and even some lawyers. The guest is legally nothing more than a licensee, to whom the possessor owes no duty of inspection and affirmative care to make the premises safe for his visit." Prosser, Torts, § 60, p. 387 (3rd Ed. HB 1964).

The allegations contained in appellant's amended complaint, in our opinion, places appellant within the mere licensee or licensee by permission class.

Many decisions of our Supreme and Appellate Courts have set forth, in various language, the duty owed by an owner or occupier of land to a mere licensee, or licensee by permission.

> "[T]he licenser owes to the mere licensee no duty except that of abstaining from any positive wrongful act which may result in his injury, and that the licensee takes all risks as to the safe condition of the premises upon which he enters." *Woodruff, Administratrix* v. *Bowen* (1894), 136 Ind. 431, 442, 34 N. E. 1113, 22 L. R. A. 198.

> "Such a person [a licensee by permission] takes the premises as he finds them as to any defects therein, and the owner is not liable for any injuries resulting to him owing to defects in the conditions of the premises. *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 393, 104 N. E. 785, 108 N. E. 375; *Samuel E. Pentecost Const. Co.* v. *O'Donnell* (1942), 112 Ind. App. 47, 58, 39 N. E. 2d 812; 65 C. J. S., Negligence, § 35, p.p. 495-497.

Appellant's allegations of negligence "(a)," "(b)," "(c)" and "(d)," above set forth, each charge appellees with failing to do something. Therefore, being charges of passive negligence they are insufficient to state a cause of action. Further, there is no allegation or inference which may be drawn, that the condition alleged amounted to an

entrapment, or that the conditions alleged were not as readily apparent or discernible to appellant as to appellees.

As to the only allegation of active negligence, ("(e)" hereinabove set forth) there is no allegation that appellees knew, or in the exercise of reasonable care should have known, that the umbrella would collapse.

Judge Achor, speaking for our Supreme Court, in *Pier* v. *Schultz et al.* (1962), 243 Ind. 200, at page 204, 182 N. E. 2d 255, in discussing the sufficiency of a complaint for damages filed by a person injured on the premises of another, stated:

> "The appellant, in alleging negligence by the appellees, points to various alleged failures by the appellees as the proximate cause of the injuries, such as failure to fence the premises and to warn immature children by a watchman or guard, or to take precautions to keep them off the premises; failure to place warning signs; failure to remove the steel barrel; failure to render the barrel non-explosive, and failure to put a barricade around the barrel so that immature children could not ignite the explosive substance in the barrel.
>
> "Since it is not alleged that the instrumentality, of which appellant complains, was of such character that its presence upon the property of appellees created a condition comparable to an entrapment, and since it is not alleged that the appellees, as owners of the property, committed any positive act or exercised any positive control over the instrumentality, regardless of its character, and since it affirmatively appears from the complaint that the person injured was either a trespasser or a mere licensee by permission upon the property of appellees, the complaint does not state facts sufficient to constitute a cause of action under the general rules of negligence."

See also: Annot., 55 A. L. R. 2d 525 (1957).

For the purpose of the demurrer all facts well pleaded are taken as true. 1 F. & W., Ind. Pract., ch. 35, § 146, p. 78 (1963 P. P.).

Applying the above rule, we are of the opinion that appellant's amended complaint fails to allege facts showing a duty on the part of appellees (owners of the premises) to the appellant (who was injured on the premises), the breach of which would be the basis of a cause of action for negligence. Therefore, the trial court did not err in sustaining the demurrer of appellees.

Judgment affirmed.

Prime, C. J., Carson and Wickens, JJ. concur.

NOTE.—Reported in 211 N. E. 2d 620.