BROWN *v.* KUJAWA B/N/F SCHAFFER ET AL.

[No. 20,748. Filed March 7, 1968. Rehearing denied March 27, 1968. Transfer denied May 14, 1968.]

*James H. Pankow,* and *Jones, Obenchain, Johnson, Ford and Pankow,* of South Bend, for appellant.

*Richard C. Kaczmarek,* of South Bend, for appellees.

COOK, P. J.—This is an action for damages for personal injuries instituted on behalf of the minor appellee, Steven Kujawa, by his mother and next friend, Shirley Schaffer, against appellee Ronald Brown and appellant Betty Brown.

The injuries complained of were sustained by Steven Kujawa while playing on a child's playground type slide on the Brown premises. At the time of the injury Steven Kujawa was one day short of five years old.

Betty Brown, the appellant, and Shirley Schaffer are sisters.

On the date the injury occurred, appellant called Steven's mother and asked her if she would drive appellant to a bank in downtown South Bend. Steven's mother agreed that she would do so.

Steven's mother arrived at appellant's premises with Steven and his two brothers to pick up appellant. Mrs. Schaffer had previously determined that she would take Steven and his brothers downtown for lunch.

When appellant and Steven's mother were ready to leave for the bank, Steven's mother told Steven and his two brothers to get into the car. However, appellant's ten year old daughter asked that the boys be allowed to stay for lunch. Mrs. Schaffer asked the boys whether they would rather go downtown or stay with appellant's daughter. With Mrs. Schaffer's approval, they chose to stay with appellant's daughter. While the mothers were away, Steven carried a piece of a broken lawn sprinkler down the slide and in some manner the sprinkler inflicted a laceration to his left eye ball.

Trial was by jury, which returned a verdict in favor of appellee Steven Kujawa and against the appellee Ronald Brown and his wife, the appellant Betty Brown.

Thereafter, Ronald Brown and Betty Brown filed their separate motions for new trial. The trial court granted the motion of Ronald Brown, who is designated here as an appellee; appellee Kujawa has not assigned as cross errors the action of the trial court in granting a new trial to Ronald Brown. The trial court denied the motion of appellant Betty Brown.

The sole assignment of error relied upon in this appeal is the overruling of appellant's motion for new trial.

The primary question presented to this court is whether the appellee, Steven Kujawa, was an invitee or licensee upon the Brown premises at the time of the accident, and consequently, what duty was owed him by the appellant.

The trial court instructed the jury that Steven was an invitee as a matter of law and that appellant owed him a "duty of reasonable, ordinary care to have and keep the premises in a safe and suitable condition."

The trial court refused instructions tendered by the appellant which would have instructed the jury that Steven was a licensee, and that the appellant was thus, "under no duty of care . . . except to abstain from inflicting intentional, wanton or wilful injury. . . ."

These actions by the trial court are included as specifications of error in appellant's motion for new trial. We are of the opinion that the trial court erred in instructing the jury that Steven Kujawa was an invitee. The court should have instructed the jury that he was a licensee.

A licensee is one ". . . who, for his own convenience, curiosity or entertainment, goes upon the premises of another by his (the owner or occupant's) permission or sufferance." *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 393, 104 N. E. 785. See also: *Standard Oil Co. of Indiana, Inc.* v. *Scoville* (1961), 132 Ind. App. 521, 525, 175 N. E. 2d 711. The definition of licensee also includes what the courts now refer to as a "social guest." *Olson* v.

*Kushner* (1965), 138 Ind. App. 73, 7 Ind. Dec. 108, 211 N. E. 2d 620, 621-22. In *Olson* this court quoted, with approval, and adopted as applicable law the rule stated by Prosser, *Torts,* § 60, p. 387 (1964 Ed.) as follows:

"Thus nearly all of the decisions are agreed that a social guest, however cordially be may have been invited and urged to come, is not in law an invitee—a distinction which has puzzled generations of law students, and even some lawyers. The guest is legally nothing more than a licensee, to whom the possessor owes no duty of inspection and affirmative care to make the premises safe for his visit."

We do not believe that, under the undisputed facts of this case, Steven Kujawa could be considered an invitee upon the Brown premises at the time of the accident. It is impossible to see how appellant derived any benefit from his mother's decision to allow Steven to remain on the Brown premises.

Appellee, Kujawa, urges that because his mother was going to accompany appellant on an errand he was an invitee on appellant's premises. However, the accident occurred after appellant and Mrs. Schaffer had left the Brown property. Thus, at the time the accident occurred, Mrs. Schaffer did not have any status whatsoever on the Brown property.

Looking at Steven in his own right, his mother had intended to take him downtown with her and had even told him to get into the car. When Steven chose to stay "to eat lunch and play in the backyard," and his mother affirmed this choice, he became a social guest. It is not necessary for this court to determine what status Steven enjoyed before that moment.

Judgment reversed, with instructions to grant appellant's motion for new trial.

Bierly, Pfaff and Smith, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 509.