**ANGOLA STATE BANK, as Personal Representative of the Estate of Perry S. Wogomon, Deceased, Appellant,**

v.

**BUTLER MANUFACTURING COMPANY and Steven Shook's Surge Sales, Appellees.**

No. 3–784A197.

Court of Appeals of Indiana, Third District.

March 20, 1985.
Rehearing Denied May 14, 1985.

Edward L. Murphy, Jr., Edward J. Liptak, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for appellant.

Eric L. Kirschner, Galvin, Stalmack & Kirschner, Hammond, for appellee Butler Manufacturing Co.

Alan Verplanck, Barrett, Barrett & McNagny, Fort Wayne, for appellee Steven Shook's Surge Sales.

HOFFMAN, Judge.

Appellant Angola State Bank (Angola) instituted this wrongful death action as personal representative of the Estate of

Perry S. Wogomon (decedent). The trial court granted summary judgment in favor of appellees Butler Manufacturing Company (Butler) and Steven Shook's Surge Sales (Shook's). Angola appeals that judgment.

When reviewing the grant of summary judgment, this Court must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *United Food & Com. Workers v. Co. Line Cheese* (1984), Ind. App., 469 N.E.2d 470. The facts must be viewed in a light most favorable to the opponent of the motion and all doubts must be resolved in his favor. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677. The facts most favorable to Angola are as follows.

Favourite Farms purchased a used Butler feed wagon from Shook's. At the time of purchase the Butler wagon needed various repairs and there was no power takeoff (PTO) shield on it. The PTO shield covers the PTO shaft which supplies the power to turn the feed wagon mixer auger, getting its power from the tractor. The shaft is approximately one-inch square and fits inside a round tube approximately two and one-half inches in diameter. Without the shield, the rotating shaft is exposed. Favourite Farms was aware that there was no PTO shield when it purchased the Butler wagon, and all of its employees were subsequently instructed not to walk near the PTO shaft while it was running.

On February 26, 1982, decedent was employed by Favourite Farms as a cattle feeder. On that day, while using the Butler feed wagon, decedent was wound up in the exposed PTO shaft and subsequently died. Decedent had been warned on various occasions not to walk near the PTO shaft while it was running. In addition, he had been warned not to wear ragged clothes around it as they presented a danger. On the day of his death, decedent was wearing ripped clothes. Prior to his accident, decedent had stated that he stepped over the PTO shaft because he just did not want to walk around the tractor to get to the scales.

The trial court granted summary judgment in favor of Butler and Shook's. The two issues which are dispositive of this appeal are as follows:

(1) whether the open and obvious danger rule operates as a complete bar to recovery under the Indiana Products Liability Act.

(2) Does a genuine issue of material fact exist on the issue of whether the exposed PTO shaft presented a danger which was open and obvious to decedent?

■ Angola argues that the open and obvious danger rule does not bar the recovery of a claim under the Indiana Products Liability Act. However, as a matter of law in Indiana, an open and obvious danger does bar an action under the Act. *Bemis Co., Inc. v. Rubush* (1981), Ind., 427 N.E.2d 1058; *Bryant-Poff, Inc. v. Hahn* (1982), Ind.App., 454 N.E.2d 1223, *trans. denied* (Hunter, J., dissenting) 453 N.E.2d 1171; *Law v. Yukon Delta, Inc., supra.* Therefore, if the danger of the exposed PTO shaft was open and obvious to decedent, the claim by Angola is barred.

■ The test of whether a danger is open and obvious has been most recently stated in *Ragsdale v. K–Mart Corp.* (1984), Ind.App., 468 N.E.2d 524. This Court stated that the test is an objective one, based upon what the user should have known. Here, there is evidence that the decedent had knowledge and had been warned about the danger posed by the exposed PTO shaft. But there is an absence of any contradictory evidence. In fact, no such contention is even urged in Angola's brief. While it is clearly within the province of the jury to decide issues of fact, there is no issue of fact as to decedent's knowledge. Thus, summary judgment was proper.

The trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur in result.