**Forest E. KIDD, and Charlotte Kidd, Defendants-Appellants,**

v.

**Steven DAVIS and Kristy Davis, Plaintiffs-Appellees.**

**No. 1–785A175.**

Court of Appeals of Indiana, First District.

Nov. 26, 1985.

---

C. Wendell Martin, Martin Wade Hartley & Hollingsworth, Indianapolis, for defendants-appellants.

William L. Soards, Soards & Carroll, Indianapolis, Jon D. Baker, Baker and Bodwell, P.C., Connersville, for plaintiffs-appellees.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

The defendants, Forest and Charlotte Kidd, appeal from the denial of their motion for summary judgment. We reverse and remand.

## FACTS

On April 1, 1983, Steven Davis (Steven), 23 years of age, stopped at the farm of Forest and Charlotte Kidd (the Kidds) to seek the assistance of their son Doug in grading Steven's driveway. Using the Kidd tractor, the two worked on the driveway until it began to rain and then returned to the Kidd farm to get Steven's jeep. Doug asked Steven to help him feed the Kidds' sows and Steven complied. Doug told Steven he had installed a basketball goal in the hayloft of the barn and suggested they play a game while the sows ate.

The hayloft is enclosed on three sides by the barn walls while the fourth side is open

to the center of the barn and the floor below. There is no railing along the opening. The basketball goal is on the wall opposite the open side of the loft. The total area for playing basketball was approximately 30–35 feet wide and 25 feet deep. Steven swept the playing area by pushing a bale of hay across it and placed bales along the edge of the loft to keep the ball from rolling off the loft. Steven had been in the loft before, prior to the installation of the goal. He testified that the loft floor was smooth but not "slick like ice or like oil on cement." (Deposition of Steven Davis, p. 18).

Doug and Steven were joined by Doug's brother and another boy and they proceeded to play two games of "21". While the other three continued to play, Steven sat down on one of the bales at the edge of the loft to rest. As the ball came his way, Steven retrieved it, stood up and shot a basket and sat back down. The ball was passed back to him and Steven stood and made another shot. As he sat back down, both he and the bale went over the edge falling approximately 8 feet to the driveway below. Steven sustained serious injuries from the fall.

Steven then brought suit against the Kidds. The Kidds filed a motion for summary judgment which was denied by the trial court. Thereafter, the trial court certified the case for interlocutory appeal.

### ISSUE

While the Kidds raise three issues on appeal, our resolution of the first is dispositive of the case. Rephrased the issue is:

Whether the Kidds violated any duty owed to Steven while he was on their premises.

### DISCUSSION AND DECISION

Summary judgment is properly granted in those cases where there exists no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C); *Czarnecki v. Hagenow* (1985), Ind.

App., 477 N.E.2d 964, 966; *Angola State Bank v. Butler Mfg. Co.* (1985), Ind.App., 475 N.E.2d 717, 718, *trans. denied; Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677, 678, *trans. denied.* The movant bears the burden of proving his right to have summary judgment granted in his favor. *Czarnecki,* at 966; *Angola,* at 718. The facts must be viewed in a light most favorable to the opponent of the motion and any doubts must be resolved in his favor. *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1313; *Angola,* at 718; *Law,* at 678. When reviewing the grant of summary judgment, this court must determine whether there is any genuie issue of material fact and whether the law was correctly applied. *Angola,* at 718; *Law,* at 678.

In order to determine the duty owed by a possessor of land to one entering upon his premises, it is necessary first to determine the entering person's status. *Gaboury,* at 1314; *Barbre v. Indianapolis Water Co.* (1980), Ind.App., 400 N.E.2d 1142, 1145, *trans. denied.* "A person entering upon the land of another comes on the land as an invitee, licensee or trespasser." *Barbre,* at 1145. An invitee is a person who enters at the express or implied invitation of the owner or occupant either for the mutual benefit of both parties or to transact business. *Barbre,* at 1146. Trespassers or licensees are those who enter the premises for their own convenience, curiosity or entertainment. They enter at their own risk and take the land as they find it. *Gaboury,* at 1314; *Barbre,* at 1146. It is one of these categories that determines the duty owed by a land owner or occupier.

The only affirmative duty a land owner owes to a licensee is to refrain from wilfully or wantonly injuring him or acting in a manner which would increase the licensee's peril. *Gaboury,* at 1314; *Barbre,* at 1146; *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 370, 272 N.E.2d 876, 880, *trans. denied.* Mere negligence on the part of the land owner will

not permit a licensee to recover. *Gaboury*, at 1314–15; *Barbre*, at 1146; *Fort Wayne*, 149 Ind.App. at 371, 272 N.E.2d at 880. Therefore, the owner or occupier of land is not liable for defects in the condition of the property nor does he have a duty to maintain the premises in a safe condition. *Barbre*, at 1146.

■ In the present case, Steven entered the Kidd premises as a licensee. Steven was a friend of the Kidd family who entered the property to retrieve his jeep and stayed to play basketball. He was not there to transact business or for the mutual benefit of himself and the Kidds. Instead, he was a social guest who entered for his own convenience and entertainment. As a licensee, Steven entered the Kidd's farm at his own risk and took the premises as he found it. The Kidds did not wilfully or wantonly injure Steven or do anything to increase his peril. Therefore, the Kidds did not breach any duty they owed to Steven.

■ Steven suggests that when he assisted Doug in feeding the sows his status changed to invitee and, therefore, a greater duty was owed to him. Steven is incorrect. A social guest remains a licensee notwithstanding the fact that the guest is injured while performing a minor task for the owner or occupier of the property. *Fort Wayne*, 149 Ind.App. at 376, 272 N.E.2d at 883. Clearly, feeding the sows was not the sort of activity which would raise Steven's status to that of invitee. Instead, it was a minor task he agreed to help his friend complete. Furthermore, he was not injured while feeding the sows but while playing basketball. Therefore, Steven remained a licensee while on the Kidd property.

■ Steven further states that he was unaware of how slippery the hayloft floor would be when playing basketball. He argues this was a dangerous condition and that the Kidd's failure to remedy it or warn

him amounted to entrapment. A trap is a hazard that is concealed and not discernible by the use of reasonable care. *Gaboury*, at 1315. While people ordinarily do not have to be warned of obvious dangers, a licensee cannot avoid hidden dangers if he does not know of them. *Swanson v. Shroat* (1976), 169 Ind.App. 80, 345 N.E.2d 872. Conversely, entrapment does not exist where the licensee has full knowledge of the circumstances and condition of the premises. *Fort Wayne*, 149 Ind.App. at 375, 272 N.E.2d at 882. Steven testified that the Kidds' hayloft floor was no different than other haylofts he had been in and that he was in the Kidd's hayloft on occasions prior to the installation of the basketball goal. (Deposition of Steven Davis, p. 18). Steven played basketball on the hayloft floor for approximately forty minutes before the accident occurred. Clearly, Steven was fully aware of the condition of the hayloft floor after cleaning it up and playing basketball on the floor. In addition, he sat on one of the hay bales which he had placed at the edge of the hayloft. There was nothing hidden about the potential dangers of the hayloft. Steven entered the hayloft with full knowledge of its condition. The Kidds did not violate any duty they owed Steven because they did not commit any positive wrongful act. The trial court erred in denying their motion for summary judgment. There are no material facts at issue and the law is with the Kidds.

We therefore reverse and remand to the trial court to enter summary judgment in favor of the Kidds.

NEAL and ROBERTSON, JJ., concur.