Thomas Matthew **BURRELL,**
Plaintiff–Appellant,

v.

Kenneth A. **MEADS,**
Defendant–Appellee.

No. 92A03–8804–CV–113.

Court of Appeals of Indiana,
Third District.

June 29, 1989.

---

James R. Grossman, Trina M. Glusenkamp, Fort Wayne, for plaintiff-appellant.

Thomas W. Yoder, Robert T. Keen, Jr., Livingston Dildine Haynie & Yoder, Fort Wayne, for defendant-appellee.

GARRARD, Presiding Justice.

This appeal is from summary judgment entered in favor of the landowner in a premises liability claim for personal injuries. The issue is whether under the undisputed facts Burrell might be deemed an invitee at the time he was injured. If he was merely a licensee, summary judgment was appropriate because there is no contention that Meads engaged in wilful or wanton misconduct. *See Gaboury v. Ireland Road Grace Brethren* (1983), Ind., 446 N.E.2d 1310.

The record sustains the following facts which the trial court found were not in dispute: Burrell and Meads had been friends for years. Over the years each had helped the other with a variety of tasks, always without thought of compensation. Burrell often helped Meads around Meads' garage and Meads helped Burrell work on his car.

On August 9, 1986 Meads planned to install a drop ceiling in his garage. (He had previously done this by himself in an-

other garage.) That day Burrell came by early in the morning and when he learned of Meads' plans, he offered to assist. He then left to run some errands but returned in the afternoon and along with Meads and two other friends, commenced installation of the drop ceiling.

After a portion of the ceiling had been installed it became necessary to remove a number of objects which had been stored on top of the rafters in the garage. These items included a large map mounted on fiberboard with a wooden frame, some vinyl siding, some plywood and a wooden sign. According to Meads deposition, he stated that "someone has to go up there and hand the stuff down."[1] Burrell took it upon himself to do this. After removing most of the objects, Burrell moved off the rafter upon which he had been squatting and knelt on the large map. A few moments later he fell through the map (which he had assumed was mounted on plywood) and fell to the floor sustaining the injuries sued upon.

Thus, the issue before us requires consideration of Burrell's status at the time he was injured because that dictates the duty owed by Meads. The traditional view, recently reaffirmed by our supreme court in *Gaboury v. Ireland Road Grace Brethren* (1983), Ind., 446 N.E.2d 1310, is that if Burrell was merely a licensee at the time of his injury, then Meads' duty was to refrain from wilfully or wantonly injuring him or acting in a way to increase his peril. 446 N.E.2d at 1314. On the other hand, if he was an invitee then Meads owed to him the duty to use reasonable care for his safety.

Traditionally, invitee status has been employed to denote one who goes on the premises for the business benefit of the landowner (or occupier) or both parties. *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821; *Barbre v. Indianapolis Water Co.* (1980), Ind.App., 400 N.E.2d 1142. Thus, invitee status may be denied

**1.** Burrell complains of the court's finding that he voluntarily took it upon himself to climb onto the rafters because of this statement. He similarly urges there was evidence that Meads initially asked him to help. We agree a factual dispute may exist concerning both assertions but for the reasons given in the text, neither is outcome determinative. For purposes of our review we therefore accept Burrell's assertions as to both facts.

where a person enters a business establishment for reasons not related to the owner's purposes. *J.C. Penney Co. v. Wesolek* (1984), Ind.App., 465 N.E.2d 763 (employee of competitor on premises to check display techniques); *Standard Oil Co. v. Scoville* (1961), 132 Ind.App. 521, 175 N.E.2d 711 (customer returned to office to discuss a personal problem).

On the other hand, invitee status has been extended to a volunteer helper of a repairman called to the premises, *Mullins v. Easton* (1978), 176 Ind.App. 590, 376 N.E.2d 1178, and most recently to public invitees as defined by Restatement of Torts, Second, § 332; *Fleischer v. Hebrew Orthodox Congregation* (1987), Ind.App., 504 N.E.2d 320, *transfer denied* (Pivarnik, J. and Givan, J. dissenting) (member of church congregation).

■ Here we are concerned with the status of the social guest, a status described by one treatise as the invitees who are not invitees.[2]

In *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876, *transfer denied*, the court, following the general rule, determined that social guests were to be considered merely as licensees and that the duty owed them by the landowner is not altered by the fact that at the time of the injury the guest was engaged in carrying out or performing some minor task for the owner. 272 N.E.2d at 883. (Plaintiff's decedent fell down a flight of stairs while carrying a tray of food for dinner.)

We believe this states the appropriate standard of care and that it applies in instances such as the one now before us. *Fleischer, supra,* has no application here because no place of public invitation is involved. Absent that situation our cases have required that before the invitee standard will be imposed, the invitation must be for the business or pecuniary benefit of the owner or occupier. *See, e.g., Hammond v. Allegretti, supra.*

Furthermore, we find no essential distinction between the social guest who is injured while performing a momentary task such as carrying a dish of food or an item of furniture and one who agrees to volunteer for somewhat more substantial or time consuming activity such as painting a room or installing a drop ceiling.

Arguably, in view of modern insurance practices, social guests should be accorded invitee status. Most social hosts no doubt desire that their guests, if injured, have the benefit of whatever insurance coverage has been purchased by the host. Moreover, the public policy that favors placing responsibility on parties whose negligence causes injury to another would likely be served by such a change. That, however, is a determination more appropriate to our supreme court. The trial judge correctly applied the law to the disputed facts.

The decision is therefore affirmed.

STATON and CHEZEM, JJ., concur.

---

**2.** 5 Harper, James & Gray, *The Law of Torts (2d ed.)* § 27.11, p. 215.