**Sterlin Joseph LELOUP,
Appellant (Defendant),**

v.

**William LELOUP and Betty Jean
LeLoup, Appellees (Plaintiffs).**

**No. 64A04–8812–CV–404.**

Court of Appeals of Indiana,
Fourth District.

July 11, 1990.

Rehearing Denied Sept. 4, 1990.

R. Cordell Funk, Funk & Foster, Hammond, for appellant.

Harry J. Jennings, Theresa L. Springmann, Stanley L. Pondo, Spangler, Jennings & Dougherty, Merrillville, for appellees.

MILLER, Presiding Judge.

When plaintiff-appellant Sterlin LeLoup (LeLoup) went to his parents' residence to retrieve a torque wrench which he had loaned to his father, he was injured when he tripped over a concrete block and fell into a dismantled lawnmower. LeLoup filed a negligence action against his Parents seeking to recover damages for his injuries. The trial court granted summary judgment in favor of the Parents finding

LeLoup was a licensee at the time of his injury. As a licensee, the trial court found LeLoup could not recover for ordinary negligence. On appeal, LeLoup claims (1) he was an invitee as a matter of law or (2) there is a factual question as to whether he was an invitee at the time of his injury. Thus, the issue before this court is whether, under the undisputed facts, LeLoup might be deemed an invitee at the time he was injured. If he was merely a licensee, summary judgment was appropriate because there is no contention that the Parents engaged in willful or wanton misconduct.[1]

We reverse, finding that a material question of fact existed as to the relationship between LeLoup and his parents.

## FACTS

The undisputed facts are as follows. LeLoup went to the residence of his parents, William and Betty LeLoup, at approximately 8:30 p.m. on January 24, 1983, to retrieve a torque wrench which he had loaned his father. The weather was cold and as LeLoup hurried towards the house, he tripped over a concrete block in the driveway and fell onto a dismantled lawnmower. As a result of this fall, LeLoup sustained a broken right forearm and serious lacerations to his face. LeLoup filed a negligence action against his parents seeking damages for his injuries. A jury trial was to begin on August 17, 1988, however, prior to trial, counsel for LeLoup and counsel for the Parents met with the trial judge. At this meeting, the trial judge indicated he had reviewed the case file and the corresponding case law and determined that LeLoup was a licensee as a matter of law at the time of his injury. Under these circumstances, the judge believed LeLoup's case would not be able to survive a motion for judgment on the evidence (directed verdict). Both counsel agreed that a trial would be inappropriate under these circumstances and a more expedient procedure would be for the Parents to file a motion

---

1. A landowner owes a licensee only the duty to refrain from willfully or wantonly injuring him. *Gaboury v. Ireland Road Grace Brethren* (1983), Ind., 446 N.E.2d 1310; *Burrell v. Meads* (1989), Ind.App., 540 N.E.2d 115.

for summary judgment. LeLoup would then file a response to preserve his record and the court would grant the Parents' motion. After the parties filed their respective motions and supporting material, the trial court granted summary judgment in favor of the Parents entering the following order:

## ORDER AND JUDGMENT

This cause is now before the Court on Defendants' Motion for Summary Judgment filed pursuant to Indiana Rule of Trial Procedure 56(C). The Defendants have filed concurrent with the Motion for Summary Judgment a Motion to Publish the Deposition of Plaintiff, Sterlin Joseph LeLoup, which Motion is hereby GRANTED. The Plaintiff, by counsel, has filed a Brief in opposition to the Motion for Summary Judgment with supporting Affidavits. The parties, by counsel, have waived further Hearing on the Motion.

Having thoroughly examined all the materials of record submitted on the Motion for Summary Judgment, including the parties' Briefs, Affidavits, Depositions, discovery Responses and Statements, and finding the Defendants' argument to be well-taken, the Court makes the following findings of fact, conclusions of law, and entry of judgment.

*Findings of Fact:*

1. On January 24, 1984 at approximately 8:30 p.m., Sterlin "Joe" LeLoup went to the home of William LeLoup and Betty Jean LeLoup, husband and wife, in Gary, to retrieve a torque wrench that he had loaned to William LeLoup.

2. William LeLoup is Sterlin "Joe" LeLoup's father, and Betty Jean LeLoup is his mother.

3. That on that date and time, Plaintiff, LeLoup, pulled into the driveway of his parents' home, got out of his van and started to run toward the back door.

4. The driveway at the time was covered with ice and snow.

5. Plaintiff, LeLoup, tripped over a concrete block or other object in the driveway, and fell head first into a dismantled riding lawnmower or other object in or along the driveway, which fall resulted in personal injury to LeLoup.

*Conclusions of Law:*

1. That at the time of the underlying accident, Plaintiff, LeLoup, was a social guest or a licensee by permission at his parents' residence.

2. That as a matter of law, a landowner owes a licensee only the duty of refraining from willfully or wantonly injuring him. *Gaboury vs. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1314.

3. As a licensee, Plaintiff, LeLoup, took his parents' premises as he found them and his parents are not liable for any defects in the condition of their premises. *Stewart vs. Stewart* (1987), Ind.App., 506 N.E.2d 1132.

4. As a matter of law, whether or not Plaintiff, LeLoup, was carrying out a minor task for his father in retrieving a torque wrench that he had previously loaned, did not change the status of Plaintiff, LeLoup, from that of a licensee to an invitee. *Fort Wayne National Bank vs. Doctor* (1972), 143 [149] Ind. App. 356, [365], 272 N.E.2d 876.

5. The condition of the driveway and/or the position of the lawnmower or other objects on its side did not constitute a "trap" or "hidden danger" to the Plaintiff. *Gaboury, supra.*

6. As a matter of law, the Plaintiff's showing of mere negligence on the part of Defendant–Landowners, where the Plaintiff is a licensee, is insufficient as a matter of law to support recovery. *Clem vs. United States*, 601 F.Supp. 835 (N.D.Ind.1985).

*Order and Judgment:*

Based on the above findings and conclusions, as well as those contained in the record of this cause, the Court now ORDERS that the Defendants' Motion for Summary Judgment be GRANTED, and that judgment be entered accordingly. (R. 56–58).

## DECISION

Summary judgment is appropriate only when the evidentiary material before the

court shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we are bound by this standard. *Rediehs Exp. Inc. v. Maple* (1986), Ind. App., 491 N.E.2d 1006. The party seeking summary judgment has the burden of proving there are no material factual issues and any doubt is resolved in favor of the non-movant. *Id.* However, once the moving party has met his burden, the nonmovant may not rest upon his pleadings, but must go forward with evidence to demonstrate that a genuine issue of material fact exists. *Id.; Hinkle v. Niehaus Lumber Co.* (1988), Ind., 525 N.E.2d 1243. Summary judgment is inappropriate if conflicting inferences can be drawn from the evidence before the court. *Id.; Rediehs Express, supra.*

On appeal, LeLoup argues that the trial court erred in finding that he was a licensee as a matter of law. LeLoup argues that because he conferred a benefit on his parents by loaning them the torque wrench in the first place and by relieving them of the chore of returning it to him, he was an invitee as a matter or law. Therefore, he need only show that his parents failed to exercise reasonable care for his safety. If he is not an invitee as a matter of law, LeLoup argues that summary judgment was inappropriate because material issues of fact remained.

The Parents, on the other hand, argue that they received no benefit from LeLoup's visit. Further, they argue the family relationship between the parties prevents LeLoup from being classified as an invitee.

■ We begin by stating that, in Indiana, any person on the land of another falls into one of three categories: he is either a trespasser; a licensee; or an invitee. *Barbre v. Indianapolis Water Co.,* (1980), Ind.App., 400 N.E.2d 1142.

■ The trial court judge held that Le-Loup was a social guest or licensee by permission at his parents' residence. This holding was apparently based on the family relationship between LeLoup and his Parents. Relying on *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876, the court held, as a matter

of law, retrieving the torque wrench did not change LeLoup's status to that of an invitee. The facts in *Fort Wayne National Bank,* however, are distinguishable from the facts in this case. In *Fort Wayne National Bank,* Maria Doctor went to the home of her mother-in-law, Mrs. Doctor, to celebrate Maria's birthday. While carrying a tray of food for Mrs. Doctor, Maria fell down a flight of stairs. Maria was killed as a result of the fall and the bank brought a wrongful death action against Mrs. Doctor. On appeal from the summary judgment granted in favor of Mrs. Doctor, the bank admitted that Maria was a social guest, but claimed that she became an invitee once she assisted Mrs. Doctor with the preparation and serving of meals. The court rejected the bank's argument and held that a social guest remains a licensee notwithstanding the fact that the guest was performing a minor task for the owner at the time of the injury. *Id.* Thus, under *Fort Wayne National Bank,* once a person enters the premises as a social guest or licensee, that person's status is not elevated to that of an invitee by performing minor tasks.

Recently, in *Burrell v. Meads* (1989), Ind. App., 540 N.E.2d 115, this court was called upon to determine the status—invitee or licensee—of the plaintiff, Burrell, who was helping the defendant, Meads, install a drop-ceiling in the defendant's garage. The undisputed facts revealed Burrell and Meads had been friends for years and the two had often helped each other with a variety of tasks, never taking compensation. When Burrell was removing some objects that had been stored between the rafters and the ceiling, he fell to the garage floor, injuring himself. The court held that Burrell was a social guest or licensee at the time of his injury.

The focus of the *Burrell* court in deciding whether Burrell was a licensee, seemed to be not what Burrell was doing for Mead's benefit at the time he was injured, but on the relationship between Burrell and Meads. It was undisputed that Burrell and Meads had been friends for years. Incident to this friendship, Burrell would help

Meads around Meads' garage, and Meads would help Burrell work on his car. Even though Burrell may have been conferring a benefit on Meads at the time he was injured, Burrell's actions were merely incidental to their social relationship, notwithstanding the fact that Burrell had come to Meads' garage that afternoon for the purpose of installing the ceiling.

■ The parties in this case do not dispute that LeLoup's reason for going to his parent's home the evening he was injured. The record is not clear, however, as to the actual relationship between LeLoup and his father. The only reference in the record to LeLoup's relationship with his parents is that LeLoup said he goes to his parents' house quite a bit, (R. 50), and that five years before his accident, LeLoup lived next to his parents for about three months. (R. 97). Absent evidence that loaning his torque wrench to his father was incident to the normal course of the relationship between LeLoup and his father, this court cannot hold that LeLoup was a social guest or licensee as a matter of law. This is a question for the trier of fact.[2] For this reason, we remand.

Because we remand this case, we decline LeLoup's invitation to do away with the licensee/invitee distinctions. This is a decision more properly left to our supreme court.

CHEZEM, J. concurs.

HOFFMAN, P.J., dissents with opinion.

HOFFMAN, Presiding Judge dissenting.

I respectfully dissent. It is not necessary to remand this case for a determination as to the actual relationship between LeLoup and his father. LeLoup was clearly a licensee in accordance with Indiana case law.

*See: Burrell v. Meads* (1989), Ind.App., 540 N.E.2d 115;

*Ft. Wayne Nat'l Bk., Adm. v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876, *transfer denied;*

The *Burrell* court examined the invitee versus licensee status:

"In *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876, *transfer denied*, the court, following the general rule, determined that social guests were to be considered merely as licensees and that the duty owed them by the landowner is not altered by the fact that at the time of the injury the guest was engaged in carrying out or performing some minor task for the owner. 149 Ind.App. 365, 272 N.E.2d at 883. (Plaintiff's decedent fell down a flight of stairs while carrying a tray of food for dinner.)

We believe this states the appropriate standard of care and that it applies in instances such as the one now before us. *Fleischer, supra, [v. Hebrew Orthodox Congregation* (1987), Ind.App., 504 N.E.2d 320] has no application here because no place of public invitation is involved. Absent that situation our cases have required that before the invitee standard will be imposed, the invitation must be for the business or pecuniary benefit of the owner or occupier. *See, e.g., Hammond v. Allegretti, supra,* [(1974), 262 Ind. 82, 311 N.E.2d 821]. Furthermore, we find no essential distinction between the social guest who is injured while performing a momentary task such as carrying a dish of food or an item of furniture and one who agrees to volunteer for somewhat more substantial or time consuming activity such as painting a room or installing a drop ceiling."

*Id.* at 117.

LeLoup's "relationship" with his father need not be examined. LeLoup was simply retrieving a torque wrench that he had loaned to his father. Whether LeLoup had a good relationship with his father or not does not change the fact that LeLoup was

---

**2.** Although a typical relationship might include loaning and borrowing of tools or helping each other around the house, absent evidence in the record, this court cannot assume LeLoup and his father had such a relationship.

a licensee while performing this momentary task which relieved his father of having to get the torque wrench.

The trial court correctly granted summary judgment on the finding that LeLoup was a licensee and therefore, should be affirmed.